UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

KENNEY PEELE,

                      Plaintiff,

v.                                                            9:15-CV-0317
                                                                 (GTS/TWD)

ROBERT M. DONAH, Corr. Officer, Clinton
Corr. Facility; CURTIS E. SMITH, Corr. Officer,
Clinton Corr. Facility; PAUL L. FLETCHER,
Corr. Officer, Clinton Corr. Facility; K. GORDON,
Corr. Officer, Clinton Corr. Facility; C. RODIER,
Corr. Officer, Clinton Corr. Facility; and VINCENT
SAMOLIS, Sergeant, Clinton Corr. Facility,

                      Defendants.
_____

APPEARANCES:                                             OF COUNSEL:

KENNEY PEELE, 07-B-3122
  Plaintiff, *Pro Se*
Sing Sing Correctional Facility
354 Hunter Street
Ossining, NY 10562

HON. ERIC T. SCHNEIDERMAN                     TIMOTHY P. MULVEY, ESQ.
New York State Attorney General                     Assistant Attorney General
  Counsel for Defendants
The Capitol
Albany, NY 12224

GLENN T. SUDDABY, Chief United States District Judge

## **<u>DECISION and ORDER</u>**

      Currently before the Court, in this *pro se* prisoner civil rights action filed by Kenney

Peele ("Plaintiff") against the above-captioned employees of the New York State Department of

Corrections and Community Supervision ("Defendants") at Clinton Correctional Facility in

Dannemora, New York, are Defendants' motion for partial summary judgment and United States

Magistrate Judge Thérèse Wiley Dancks' Report-Recommendation recommending that Defendants' motion be granted in part and denied in part. (Dkt. Nos. 35, 49.) None of the parties have filed objections to the Report-Recommendation and the deadline in which to do so has expired. (*See generally* Docket Sheet.)

After carefully reviewing the relevant papers herein, including Magistrate Judge Dancks' thorough Report-Recommendation, the Court can find no clear-error in the Report-Recommendation.[1] Magistrate Judge Dancks employed the proper standards, accurately recited the facts, and reasonably applied the law to those facts. As a result, the Report-Recommendation is accepted and adopted in its entirety for the reasons set forth therein, and Defendants' motion is granted as to Defendant Fletcher and denied as to Defendants Gordon, Rodier, and Samolis

**ACCORDINGLY**, it is

**ORDERED** that Magistrate Judge Dancks' Report-Recommendation (Dkt. No. 49) is **ACCEPTED** and **ADOPTED** in its entirety; and it is further

**ORDERED** that Defendants' motion for partial summary judgment (Dkt. No. 35) is **GRANTED** as to Plaintiff's claims against Defendant Fletcher, and that Defendant is **DISMISSED** from this action; and it is further

**ORDERED** that Defendants' motion for partial summary judgment (Dkt. No. 35) is **DENIED** as to Plaintiff's claims against Defendants Gordon, Rodier and Samolis; and it is further

---

[1] When no objection is made to a report-recommendation, the Court subjects that report-recommendation to only a clear error review. Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition. When performing such a "clear error" review, "the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Id*.; *see also Batista v. Walker*, 94-CV-2826, 1995 WL 453299, at *1 (S.D.N.Y. July 31, 1995) (Sotomayor, J.) ("I am permitted to adopt those sections of [a magistrate judge's] report to which no specific objection is made, so long as those sections are not facially erroneous.") (internal quotation marks omitted).

**ORDERED** that Pro Bono Counsel be appointed for the Plaintiff for purposes of trial only; any appeal shall remain the responsibility of the plaintiff alone unless a motion for appointment of counsel for an appeal is granted; and it is further

**ORDERED** that upon assignment of Pro Bono Counsel, a pretrial conference with counsel will be scheduled in this action, at which time the Court will schedule a jury trial for Plaintiff's 8th Amendment excessive force claims against Defendants Donah, Smith, Gordon and Rodier, and Plaintiff's 8th Amendment failure to intervene and failure to properly train/supervise staff against Defendant Samolis. Counsel are directed to appear at the pretrial conference with settlement authority from the parties.

Dated: August 17, 2016
      Syracuse, New York

HON. GLENN T. SUDDABY
Chief United States District Judge